UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CRIMINAL ACTION NO. 13-1-DLB-CJS**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

vs.            <u>**ORDER ADOPTING REPORT & RECOMMENDATION**</u>

**KEVIN DAVIS**                                                      **DEFENDANT**

**IN RE: THIRD-PARTY CLAIM OF
CLAIMANT PRINCESS GILL**

***    ***    ***    ***

Presently before the Court is Magistrate Judge Candace J. Smith's recommendation that this Court deny Claimant Princess Gill's third-party claim to a 2008 Infiniti G35. (Doc. # 72). Gill having filed Objections to the Report and Recommendation (R&R) (Doc. # 74), and the United States having filed a response (Doc. # 76), this matter is ripe for consideration. Because this is a dispositive matter, the Court will review *de novo* Gill's specific objections to the Magistrate Judge's recommendation. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

## I.     ANALYSIS

In her Objection, Gill merely reiterates the evidence that was, or in some cases was not, adduced at the ancillary hearing, as well as making some irrelevant accusations about officer Ken Baker. The Court construes Gill's arguments as an objection to the Magistrate Judge's conclusion that Gill has not established by a preponderance of the evidence, as

1

is required by 21 U.S.C. § 853(n)(6)(A) & (B), either that she had an interest in the Infiniti prior to Davis's criminal acts or that she is a bona fide purchaser for value of the Infiniti. In support of her Objection, Gill raises the following arguments: (1) Yolanda Satcher made an out-of-court statement to Officer Baker that the Infiniti was Gill's; (2) the only evidence that the Infiniti was purchased with illegal proceeds is Ryan's testimony that Davis, and not Gill, made the payments; and (3) Davis's initials are not on the auto sales agreement.

Gill's objections notwithstanding, the Court finds no error in the Magistrate Judge's Report and Recommendation. As the Magistrate Judge correctly held, Satcher's out-of-court statement is hearsay, without an exception, under Fed. R. Evid. 801.[1] Further, this Court disagrees that Ryan's statement is the only evidence that Davis's drug profits were used to purchased the Infiniti: Gill admitted that the Infiniti was paid for in part by trading in a 2006 Maxima, a vehicle Baker testified Davis had bought with drug proceeds. Gill's observation that Davis's initials are not on the sales agreement does very little to help Gill meet her burden under 21 U.S.C. § 853(n)(6)(A) & (B). The only evidence that Gill purchased the Infiniti is her own testimony, which she failed to corroborate with any receipts, cancelled checks, or other documents.

The greater weight of the evidence is that Davis purchased the Infiniti with drug proceeds. Because Gill has not established either that she has title to the Infiniti or that she had a superior interest in the Infiniti before Davis began conspiring to distribute cocaine in 2009, § 853(n)(6)(A) is not applicable. *See United States v. Gallion*, No. 2:07-39-DCR, 2010 WL 3620257, at *12 (E.D. Ky. Sept. 10, 2010). And because Gill has not shown by

---

[1] Even if the Court considered the statement, it would not tip the scales in Gill's favor.

a preponderance of the evidence that she paid valuable consideration for the Infiniti, she has failed to establish that she is a bona fide purchaser under § 853(n)(6)(B). In conclusion, this Court finds that the Magistrate Judge's findings of fact, conclusions of law, and recommended disposition are sound in all respects.

## II.　　CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)　Defendant's Objections (Doc. # 74) to the Magistrate Judge's Report and Recommendation are hereby **OVERRULED**;

(2)　The Magistrate Judge's Report and Recommendation (Doc. # 72) is hereby **ADOPTED** as the Findings of Fact and Conclusions of Law of the Court;

(3)　Claimant Princess Gill's Third Party Claim to the 2008 Infiniti G35 pursuant to Federal Rule of Criminal Procedure 32.2© and 21 U.S.C. § 853(n) is hereby **DENIED**;

(4)　The Court shall enter a Final Decree and Judgment of Forfeiture as to the 2008 Infiniti G35 contemporaneously herewith.

This 17th day of December, 2014.



Signed By:
*David L. Bunning*　DB
United States District Judge

G:\DATA\ORDERS\Covington Criminal\2013\13-1 Order Adopting R&R.wpd